This next case is case number 4-14-0531, Mannheim School District number 83 v. Teachers' Retirement System, Illinois. For the appellant, we have Alan Wall, and for the appellee, we have Ralph Lowenstein. Is that correct? All right. Mr. Wall, you may proceed. Your Honor, just as a matter of procedure, in terms of divvying up time, is it possible that I can reserve a couple of minutes, or should I take all my time now? You may reserve time, and please tell the clerk how much time you wish to have in reserve. I would reserve five minutes. All right. Thank you. You may proceed. Thank you, Your Honors. Good morning, and may it please the Court, my name, as you know, is Alan Wall, and I am here on behalf of Plaintiff Appellant Mannheim School District 83. I'd like, Your Honors, to get right to the essence of what brings us here today on this appeal. The plaintiff appellant filed a complaint seeking administrative review of a ruling made by the Board of Trustees of the Teachers' Retirement System of Illinois. That ruling held that the Mannheim School District Board of Education amended two administrative contracts in a way that causes the district to incur additional pension payments. We are here today because the caption of the complaint for administrative review lacks six words. These words are Board of Trustees, that goes along with Teachers' Retirement System, and Board of Education, that goes along with Mannheim School District 83. Why were they left out? Your Honor, they were left out in a matter of inadvertence. There, I guess I could say there is a bit of a back story to that, but I don't know whether Your Honor would care to hear that or not. But because these six words do not appear in the caption, the defendant appellee filed a motion to dismiss the complaint for administrative review that was granted by the trial court in the Circuit Court of Sacramento County. But I submit to Your Honors, the basic factual premise offered by the defendant in support of its motion to dismiss was that it was never named in the complaint and it was never served. And I would submit that that argument is not correct. It is not disputed that the defendant appellant's complaint for administrative review gave the plaintiff appellee ample notice that the school district sought review of the Board of Trustees, the Teachers' Retirement Systems of Illinois' decision. In fact, the school district names and refers to TRS boards and the Board of Trustees' August 15, 2013 decision on nine occasions, including the prayer for relief, which requests that the TRS Board of Trustees' decisions and proceedings be reviewed. So the defendant was identified in the body of the complaint. The defendant knew the reason for the complaint. Further, if you look at the summons, which was referenced by the appellee in its brief, the summons was directed not only to the Teachers' Retirement System of Illinois, but also to the Executive Director of the Teachers' Retirement System. So, the proper defendant was identified in the complaint and the Executive Director of the administrative agency was served with the complaint. The absence of the six words from the case caption caused no prejudice whatsoever. Has that ever been the standard the Supreme Court of Illinois has used in determining the question of the justiciability of administrative review matters? As what standard, Your Honor? What you just said. That the... Caused no prejudice, so therefore, why are you complaining? Don't they, instead, haven't they in numerous cases said, we require strict compliance with the administrative review law pursuant to the constitutional requirement, and if you don't have it, you lose it? Well, Your Honor, I think that is precisely where I would like to go now, because I think the history here answers your question. Okay. Certainly, through 2007 and the Supreme Court's Ulsh decision, it was clear that the laws you stated prevailed, and that was very strict compliance with particularly 3103 and 3107 of the administrative review law. However, if you look at what happened after the Ulsh decision, it's very clear that the General Assembly, in 2008, and mindful of the Ulsh decision, enacted a number of amendments to the administrative review law, and I would submit to Your Honor two things. First, that these amendments were made with full cognizance of the Ulsh decision, and secondly, that in at least two instances, amendments that were enacted in 2008 speak directly to the situation that we have before us today, and I would submit, and my briefs have outlined this, that these amendments would provide the relief that the school district seeks, which is to have the circuit court's decision reversed. To be more clear, after the Oaks decision, the General Assembly has taken some action that you think mitigates some of the concerns? That, yes, that is my... I'm not aware that they have. I'm also not aware, Your Honor, of the degree to which the Supreme Court has actually been called upon to address the specific amendments that were enacted during the 2008 session. So your argument is essentially based upon the new legislation? Your Honor, my argument is based partly on that. The other portion of the argument would be that, in fact, the legislative history behind these amendments does need to be consulted because the amendments that I have cited in the briefs create ambiguity that requires that we go to the legislative history to determine how these particular amendments are to be construed. Your Honors, I would just go on to indicate that the briefs that I have presented do suggest particular readings of specifically 3107A and the amendments that have been made to 3107A that I contend would allow for the school district here to be allowed to amend the complaint for the sole purpose of, you know, naming the Board of Trustees of the Illinois Teachers Retirement System and the Board of Education of Mannheim School District 83. I believe that what this case really boils down to is, again, there are six words that are missing from the case caption. And that has been the basis for a decision by the Circuit Court that is, you know, dismissing the case before there is any opportunity for the matter to be taken up and decided on the merits. And certainly, the public policy of the State of Illinois strongly suggests that when matters are brought to dispute before the Illinois Judiciary that our public policy is that these matters be decided on the merits as long as no harm, no prejudice was caused to the parties by a technical error. And so, for the reasons that I have spelled out this morning, as well as all of the reasons and all of the statutory analysis that has been provided in the briefs submitted to this Court, I would respectfully ask that the decision of the Circuit Court of Sagamon County be reversed, this matter be remanded back to the Circuit Court such that the school district would then have an opportunity pursuant to amended 107A and amended 3111A4 to amend the complaint so that literally the six words absent from the caption could be added and we can proceed to address this issue on the merits. So that a ruling can be provided that addresses the substantive issues that are in dispute between parties. Mr. Walt, just as a matter of clarification, in terms of the amendment to the statutes that you've referenced, I find in the original brief and the reply brief reference made to Public Act 95-831, 95-821, 95-871, and 95-781, is there just one? I will direct you specifically to the amendments that I am presenting to the Court. It would be the amendment that led to the amendment of 3107A and 3111A4. I could certainly check my brief to determine which of the particular, you know, numerated public acts that you've mentioned applies to each, but it is those public acts that were enacted by the General Assembly as a means for revising the Administrative Review Law as it stood prior to 2008. All right. Anything further? All right. Thank you, Mr. Walt. Thank you, Your Honors. Mr. Lowenstein. Thank you. Just to clarify for the Court, I think the provisions that you are asking about are found in A92 of the abstract attached to the brief in terms of the amendments that counsel is referring to. What's the public act number? Well, according to the appendix here, it's 95-831. I think that that's what counsel is referring to, and I think that that's what the Court is asking about. There's just one? Well, I don't want to speak for opposing counsel, but I believe that that's the provision that he's referring to. I'm sure that he'll correct me if I'm wrong on that. I just say that because it does appear in the abstract, and that might make it easier for you to deal with it. Thank you. My name is Ralph Lowenstein. I'm here on behalf of the Illinois Teachers Retirement System Board of Trustees. The dispute in this case arose between the Board of Education of Mannheim School District No. 83 and the Board of Trustees of the Illinois Teachers Retirement System regarding contributions that the Board of Trustees assessed against the Board of Education concerning early retirement incentives paid to two administrators of the school district. That went through an administrative proceeding before the Board of Trustees, and the Board of Trustees ruled that the assessments were in fact appropriate. But the substance of that dispute is really not before the Court today because of what we believe are some serious procedural errors that were made with regard to the filing of the complaint for administrative review. Following the adverse decision, a complaint was filed in the Circuit Court of Sangamon County, and the complaint named as the plaintiff the Mannheim School District No. 83, and as a defendant, the Teachers Retirement System, Illinois. The case as it appears before you today is really not about the absence of six words. It's really about the absence of naming the proper plaintiff and the proper defendant in that complaint for administrative review. What should the caption have been? The Board of Education of Mannheim School District should have been named as the plaintiff. The Board of Trustees of the Illinois Teachers Retirement System should have been named as the defendant. And just to further answer your question, I don't really think that that's particularly in dispute here. I don't believe that my opposing counsel here disagrees that that should have been the proper plaintiff and the proper defendant. His argument, at least as I understand it in the brief, says that he should have been allowed to amend to name the proper plaintiff and to name the proper defendant. And his argument is based upon sections 3-107A and 3-111A4. I think that's the authority that he's citing as the right to file that amendment. No such amendment was actually filed in the Circuit Court asking that these parties be added. But even if it had been, I don't believe that there's any authority that the Circuit Court would have had to do so. Would such a motion have to have been made within the 35-day limit? Well, I think that there's an extended time in which to file it. And I don't remember if that's 30 days or 35 days before the Circuit Court. But quite honestly, I don't think that that would have made any difference if he had filed that motion to correct and add these parties, because I don't believe that there's any authority under the statute to do so. Well, if he had named and served incorrect parties, say, five days after, and then realized the mistake and filed a motion to add parties still within the original 35 days. Oh, within the original 35 days. You have 35 days from the date on which an administrative decision is mailed out to file your complaint for administrative review and issue the summons. And if, for instance, he filed five days after that 35-day period had run, and then realized five days later within that 35-day period I've got the wrong parties, yeah, he certainly could have gone ahead and taken care of it. But that's not what happened here. What happened here? What happened here was that the incorrect plaintiff was named as a party and the incorrect defendant was named as a party. And when was it called to the attention of the court that that situation and relief requested? When we filed our motion to dismiss before the Circuit Court of Sangamon County. And that was some time later. Right. Right. And our motion to dismiss was based on the fact that the Circuit Court lacked jurisdiction under the Administrative Review Act to consider the case. Now, the Oakes case and other cases like it, I've been on this court a long time, and I think there have been several cases along this line, haven't there? Well, there have been a number of cases dealing with different permutations of this. I would say the most direct is the Supreme Court case in Altsch v. IMRF, which was decided by the Supreme Court in 2007, and I think gives both of us and the court some pretty good direction of how this should be addressed. Well, the reason I ask that is I'm a little surprised that someone practicing administrative law would be blindsided by the issue that arises in this case. I don't frankly understand it. Maybe it's true that the Supreme Court of Illinois and its various decisions over the years has taken an unbending view of jurisdiction of administrative agencies pursuant to the 1970 Constitution, but by God, that's what they've done. And we salute smartly here on lesser courts. I think I've been involved in decisions where, in instances like this, we've thrown cases out because of improper designation of parties, and I'm just a little surprised that this is still going on. Well, I can't answer that, but I do agree that the cases are pretty consistent, that the Administrative Review Act is considered to be special legislation, which deviates from common law, and is to be strictly followed, and that's been pretty consistent by this court and by the Illinois Supreme Court. Mr. Wall argues, and I guess he's right, that this is just a technical issue really having nothing to do with the merits of the case. Isn't that right? It is correct. It is correct, but here's the problem. Technical issues aside, it doesn't matter? Well, here's the problem, Your Honor, and I think you've just addressed it. We, as practitioners, are required to follow some sometimes rather technical procedural rules, and the court is bound by what the legislature says those technical rules might be. And so we're all sort of in the same box here. It is a technical rule. There's no question about it. And in your judgment, the amendments from the legislature post the Oaks decision make no difference, provide no relief in this case? After the Oaks decision was decided, there were certain amendments to the Administrative Review Act. I do not believe that any of those amendments addressed the issue before you. None of those amendments changed the time period for filing the complaint for administrative review. None of those amendments excused the parties from naming the proper defendants, but for the two exceptions under 3-107A, neither of which apply here. None of those allowed additional time to file, and none of those excused the naming of the improper defendant in this case, or plaintiff. So, no, I don't think those amendments changed the decision by the Supreme Court and Altsch. Your brief suggests notwithstanding the arguments made by Plaintiff here in regards to amendments to cure defects, and as to the defendants, the amendment to 3-107 and 3-111 doesn't impact on an incorrectly named plaintiff. Is that right? Well, 3-107A clearly does not deal with plaintiffs. It provides two circumstances under which amendments can be made with regard to the defendants. One is where the head of an administrative agency is named, but not the administrative agency, and it allows for the amendment to add the administrative agency. But that's not what happened here. The second is where the administrative agency is named, but not a member or, for instance, an executive director is named, and the legislation under that provision allows for adding the member or administrative head, but that's not what happened here either. So that doesn't apply. As far as 3-111A4, that may be a little bit broader than 3-107A, but it also doesn't apply because that particular provision says that it gives the Circuit Court the authority to dismiss parties, to correct misnomers, to realign parties, or to join agencies or parties. But none of that authority given to the Circuit Court applies here. He's not speaking to dismiss parties, correct a misnomer, to realign parties, or to join agencies or parties. What he's asking is to be granted the authority to name the only proper plaintiff and the only proper defendant, and that's not allowed under 3-111A4. So based upon that argument and based upon the other arguments we made in our brief, I believe that the Circuit Court of Sangamon County got it right and we're asking the Court to affirm that decision. And I'd be more than happy to answer any other questions that you might have. It doesn't appear that there are any other questions. Thank you. Thank you. Yes, thank you, Your Honor. Let me first of all address the issue of the interpretation of 3-111A4. I believe that the statute as amended, which does give the provision of education of Mannheim School District 83, there is nothing in the language that conditions the adding of an agency to the particular conditions that are found in 3-107A in the paragraph that indicates that amendment to a complaint for administrative review is possible if either the administrative head was named, in which case, according to Ms. Valencien's interpretation, the agency could then be added through amendment, or the other circumstance where you have the agency named, you could then add an executive director. There is nothing in 3-107A4 that indicates any of those conditions. Now, with regard to 3-107A, if you look at the particular amendments, after you get the paragraph that spells out the two conditions that Mr. Lowenstein has walked the Court through, you then get the next paragraph where the language that was added includes an unnamed agency, and the amendment indicates that if the Court determines that there is a party or defendant that needs to be added such as an agency, then the Court shall direct the plaintiff that it has 35 days to amend the complaint to add the agency. Now, I think there is a key provision in this particular paragraph that basically indicates, or pursuant to conditions in the previous paragraph, which would seem to refer back to the two conditions about which we have made comments, but I think if you look at the language of that paragraph in the context of the language, the plain language simply indicates if you have a determination that there is an unknown or unnamed agency that needs to be added as a defendant, then the Court shall provide 35 days for that amendment to be made. So I believe that both of these statutes, as amended, directly address the issue that we have in question here. I would also just add, and my colleague is correct, Justice Harris, the public act that is at issue here is PA 95-831. Thank you. This matter will be taken under advisement and a written decision shall issue.